**Tofail Ahmed CHOWDHURY,**
**Petitioner,**

**v.**

Alberto R. GONZALES,[1] Respondent.

No. 03–40389–ag.

United States Court of Appeals,
Second Circuit.

Aug. 7, 2007.

Salim Sheikh, New York, NY, for Petitioner.

Richard B. Roper, United States Attorney, Northern District of Texas, Tami C. Parker, Assistant United States Attorney, Fort Worth, TX, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Tofail Ahmed Chowdhury, a native and citizen of Bangladesh, seeks review of the July 10, 2003 order of the BIA denying his motion to reopen and reconsider. *In re Tofail Ahmed Chowdhury*, No. A73 663 929 (B.I.A. July 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational expla-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

nation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

As a preliminary matter, because Chowdhury petitioned for review only of the BIA's July 2003 denial of his motion to reopen and reconsider, we decline to consider any arguments pertaining to the BIA's June 2002 decision denying his claims on the merits. *Ke Zhen Zhao*, 265 F.3d at 89–90.

■ With limited exceptions, a party may file only one motion to reopen deportation proceedings, and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). Similarly, a party may file only one motion to reconsider a decision in deportation proceedings, and that motion must be filed no later than 30 days after the date of the decision being challenged. 8 C.F.R. §§ 1003.2(b)(2), 1003.23(b)(1). Here, the BIA issued its decision in June 2002, but Chowdhury did not file his motion until six months later, in December 2002. Accordingly, the BIA did not abuse its discretion in determining that the motion to reconsider and the motion to reopen were untimely, as they were filed outside the respective 30 and 90 day filing deadlines. *See* 8 C.F.R. § 1003.2(b)(2), (c)(2); *Kaur*, 413 F.3d at 233–34.

■ Although there are no exceptions to the filing deadline for motions to reconsider, a late-filed motion to reopen may be granted if the movant demonstrates changed conditions in his or her country of origin. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i). As such, the only issue before us is whether the BIA abused its discretion in finding that Chowdhury failed to demonstrate changed conditions in Bangladesh that would excuse the late-filing of his motion. Here, the BIA did not abuse its discretion. *See* 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i); *Kaur*, 413 F.3d at 233–34. As the BIA noted, the country reports Chowdhury submitted pre-dated the final order of removal, and there is no indication that such information was previously unobtainable. *See* 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales*, 451 F.3d 292, 294–95 (2d Cir.2006). Furthermore, the BIA reasonably found that to the extent that the documents reflected any change, the change did not establish *prima facie* eligibility for asylum, and was therefore immaterial. At most, the country reports submitted with the motion establish that corruption and unrest continue in Bangladesh notwithstanding the change in ruling parties. That does not amount to changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Ultimately, in light of the record as a whole, the BIA did not abuse its discretion in denying Chowdhury's motion to reopen. *Ke Zhen Zhao*, 265 F.3d at 97.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).